UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SHAYA EFROYMSON,

                                    Plaintiff,

           v.                                          Case No. 25-cv-01013 (CS)

LICENSED BEHAVIORAL ANALYSIS            **ANSWER TO FIRST AMENDED**
PROFESSIONAL SERVICES, PLLC and         **COMPLAINT**
YOCHEVED ADELMAN a/k/a YOCHEVED
WASSERMAN

                                    Defendants.
-------------------------------------------------------------------x

Defendants, LICENSED BEHAVIORAL ANALYSIS PROFESSIONAL SERVICES, PLLC and YOCHEVED ADELMAN a/k/a YOCHEVED WASSERMAN, (hereinafter "Defendants"), by and through their attorneys, Troy Law, PLLC, for their Answer the Plaintiff's First Amended Complaint, state as follows as follows:

## NATURE OF CLAIM

1. Admit that Plaintiff brings this action on his own behalf and that Plaintiff alleges certain violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 216(b) and 260; but deny that Defendants violated the FLSA, willfully or otherwise, with respect to Plaintiff and with respect to any non-exempt employees of theirs.

2. Admit that Plaintiff seeks relief under sections 190-99, 652 and 663 of the New York Labor Law ("NYLL"), including the wage order entitled "Miscellaneous Industries and Occupations," 12 N.Y.C.R.R. Section 142-3.2, and other applicable state laws, but deny that Defendants violated the NYLL, willfully or otherwise, with respect to Plaintiff and with respect to any employees of theirs.

## JURISDICTION & VENUE

3. Admit.

1

4. Admit.

5. Admit that venue is proper in this District; otherwise deny.

## PARTIES

### *Plaintiff*

5. Admit that Plaintiff was at all relevant times a resident of Rockland County, New York. Admit that Plaintiff was suffered or permitted to work by Licensed Behavioral Analysis Professional Servies, PLLC ("LBAPS" or "Corporation"). Deny that Plaintiff was an employee within the meaning of the NYLL and the Wage Order or was a non-exempt employee within the meaning of the FLSA or was employed as an ABA Para.

6. Lack knowledge sufficient to admit or deny, therefore deny.

7. Deny.

8. Deny.

### *Defendants*

9. Admit that LBAPS is a professional limited liability company. Otherwise deny.

10. Deny.

### *Employer Status and Joint Liability*

11. Deny.

12. Deny.

13. Deny.

14. Deny.

15. Deny.

16. Deny.

17. Deny.

**INDIVIDUAL AND COLLECTIVE PLAINTIFF ALLEGATIONS**

18. Deny.

19. Admit that Plaintiff seeks to represent employees of LBAPS, but deny that he was a non-exempt employee under the FLSA and deny that there are employees of LBAPS similarly situated to him.

20. Deny.

21. Deny.

**FIRST CLAIM FOR RELIEF**
**(UNPAID WAGES AND OVERTIME – FLSA)**

22. Defendants incorporate by reference all preceding paragraphs, and the allegations, admissions, and denials therein, as though fully set forth herein.

23. Deny.

24. Admit that during the period of March 1, 2022 through November 14, 2022, Plaintiff did not work overtime and thus is not owed overtime pay for that period of his employment for Defendants. Otherwise deny.

25. Deny.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

**SECOND CLAIM FOR RELIEF**
**(UNPAID WAGES AND OVERTIME – NYLL)**

30. Defendants incorporate by reference all preceding paragraphs, and the allegations, admissions, and denials therein, as though fully set forth herein.

31. Deny.

3

32. Deny.

33. Deny.

### THIRD CLAIM FOR RELIEF
### (FLSA COLLECTIVE ACTION – 29 U.S.C. § 216(B))

34. Defendants incorporate by reference all preceding paragraphs, and the allegations, admissions, and denials therein, as though fully set forth herein.

35. Admit that Plaintiff seeks to represent employees of LBAPS, but deny that he was a non-exempt employee and deny that there are employees of LBAPS similarly situated to him.

36. Deny.

37. Deny.

### PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief for which he prays the Court.

### AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE I.

1. Plaintiff has failed to state a cause of action upon which relief may be granted.

### AFFIRMATIVE DEFENSE II.

2. As an exempt *bona fide* executive employee under the FLSA, Plaintiff was not entitled to be paid overtime compensation, is not similarly situated to employees who were not so exempt such that non-exempt employees may not opt into this action, and cannot recover overtime compensation, liquidated damages or prejudgment interest, post-judgment interest, or attorney fees.

### AFFIRMATIVE DEFENSE III.

3. As a *bona fide* executive, Plaintiff was not an employee under the NYLL and the Wage Order, was not entitled to be paid unpaid compensation, is not similarly situated to

employees entitled to overtime compensation and cannot represent such employees as a class representative, and cannot recover unpaid compensation, liquidated damages, prejudgment interest, post-judgment interest, or attorney fees.

### AFFIRMATIVE DEFENSE IV.

4. As an exempt *bona fide* professional employee under the FLSA, Plaintiff was not entitled to be paid overtime compensation, is not similarly situated to employees who were not so exempt such that non-exempt employees may not opt into this action, and cannot recover overtime compensation, liquidated damages or prejudgment interest, post-judgment interest, or attorney fees.

### AFFIRMATIVE DEFENSE V.

5. As a *bona fide* professional, Plaintiff was not an employee under the NYLL and the Wage Order, was not entitled to be paid unpaid compensation, is not similarly situated to employees entitled to overtime compensation and cannot represent such employees as a class representative, and cannot recover unpaid compensation, liquidated damages, prejudgment interest, post-judgment interest, or attorney fees.

### AFFIRMATIVE DEFENSE VI.

6. Plaintiff's claims are barred by the doctrine of waiver.

### AFFIRMATIVE DEFENSE VII.

7. Defendants invoke the defenses, protections, and limitations of the Fair Labor Standards Act, 29 U.S.C. § 210 *et seq.*, and NYLL, N.Y. Lab. L. §§ 663 *et seq.*

### AFFIRMATIVE DEFENSE VIII.

8. Plaintiff's claims are barred to the extent that Plaintiff seeks recovery for time that is not compensable time, *i.e.*, "hours worked," under the FLSA and NYLL.

### AFFIRMATIVE DEFENSE IX.

9. Plaintiff's claims for attorneys' fees are barred, in whole or in part, because such damages are not authorized by law and/or Defendant did not engage in any conduct sufficient to permit an award of such damages.

### AFFIRMATIVE DEFENSE X.

10. Defendants did not engage in willful or unlawful conduct.

### AFFIRMATIVE DEFENSE XI.

11. Defendant did not violate any notice requirements under federal, state or local statutes, rules, or regulations.

### AFFIRMATIVE DEFENSE XII.

12. Plaintiff's claims are barred, in whole or in part, because any losses suffered by Plaintiff were not as a consequence of, or in reliance upon, any acts or omissions of Defendant.

### AFFIRMATIVE DEFENSE XIII.

13. To the extent Plaintiff seeks punitive and/or liquidated damages, Plaintiff is not entitled to punitive or liquidated damages, as Defendants did not act or fail to act in a manner sufficient to give rise to punitive or liquidated damages liabilities, but at all times acted in good faith.

### AFFIRMATIVE DEFENSE XIV.

14. Plaintiff and members of the purported Collective and Class are not similarly situated.

### AFFIRMATIVE DEFENSE XV.

15. Defendants reserve the right to allege additional defenses which may be warranted upon discovery in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendants, LICENSED BEHAVIORAL ANALYSIS PROFESSIONAL

SERVICES, PLLC and YOCHEVED ADELMMAN a/k/a YOCHEVED WASSERMAN,

respectfully request judgment against Plaintiff as follows:

a.  Dismissing Plaintiff's Complaint with prejudice;

b.  Denying the relief sought therein;

c.  Awarding the Defendants their costs, expenses, disbursements, and attorneys' fees in

   defending Plaintiff's claims; and

d.  Granting any such other and further relief as to the Court may seem just and proper.

Dated: Flushing, NY
      November 6, 2025

TROY LAW, PLLC
*Attorneys for Defendants*

 /s/ Aaron B. Schweitzer
Aaron B. Schweitzer, Esq.
John Troy, Esq.
Tiffany Troy, Esq.
41-25 Kissena Boulevard
Suite 110
Flushing, NY 11355
(718) 762-1324
troylaw@troypllc.com