UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHAYA EFROYMSON
       Plaintiff,                      Civil Action No.:  25 cv 1013 (CS)

     -against-

LICENSED BEHAVIORAL ANALYSIS PROFESSIONAL SERVICES, PLLC and
YOCHEVED ADELMAN a/k/a YOCHEVED WASSERMAN
       Defendants.
------------------------------------------------------------X

## PROTECTIVE ORDER

Upon application and for good cause shown under Fed. R. Civ. P. 26(c), the Court enters the following Protective Order governing the production and use of certain confidential materials in this action.

1. Definition of "Confidential Information"

"Confidential Information" includes any document, chart, record, spreadsheet, or data produced in this action that contains personally identifiable information of minor students, including but not limited to:

- names, initials, or identifying codes
- diagnoses, including autism spectrum disorder or other developmental disabilities
- educational, behavioral, or developmental information
- daily progress notes, charts, or logs relating to services provided to such students

These materials include the daily charts and related records created by Plaintiff during his employment and provided to Defendants in the ordinary course of his work.

2. Permission to Produce Unredacted Student Information

The Court expressly authorizes the producing party to disclose unredacted versions of the above- described materials, including the full names and identifying information of minor students, subject to the protections of this Order.

Such disclosure shall not be deemed a violation of any federal or state privacy law, including HIPAA, FERPA, or analogous confidentiality statutes, because the production is made pursuant to Court order and solely for use in this litigation.

3. Designation of Confidential Information

Any party producing such materials may designate them as "CONFIDENTIAL" by stamping or marking the documents accordingly, or by written notice identifying the documents so designated.

4. Use of Confidential Information

Confidential Information shall be used solely for purposes of prosecuting, defending, or attempting to settle this litigation, including preparation for trial, depositions, motion practice, and any appeals. Confidential Information shall not be used for any business, personal, or non- litigation purpose.

5. Disclosure of Confidential Information

Confidential Information may be disclosed only to:

- The Court and Court personnel
- Counsel of record and their staff
- The parties
- Court reporters and videographers
- Experts or consultants retained for this litigation
- Witnesses during depositions or trial, as reasonably necessary

Any person receiving Confidential Information shall be advised of this Order and shall agree to be bound by it.

6. Filing Under Seal

If a party seeks to file Confidential Information with the Court, the filing shall be made under seal in accordance with the Court's Individual Practices and applicable rules. The parties shall confer in good faith before any sealing request.

7. Use at Depositions and Trial

Confidential Information may be used at depositions and at trial. The parties shall take reasonable steps to ensure that such information is not disclosed to persons not authorized under this Order.

8. Challenges to Confidentiality Designations

Any party may challenge a confidentiality designation by written notice. The parties shall meet and confer in good faith. If no resolution is reached, the challenging party may seek relief from the Court. The designating party bears the burden of establishing good cause.

9. Return or Destruction of Materials

Within 60 days after the conclusion of this action, including appeals, all Confidential Information shall be returned to the producing party or destroyed, except that counsel may retain one archival copy of pleadings, motion papers, deposition transcripts, and attorney work product.

10. No Waiver

Nothing in this Order constitutes a waiver of any objections to discovery, any rights under the Federal Rules, or any privileges or protections. Producing Confidential Information does not admit relevance or admissibility.

11. Court's Authority

The Court retains jurisdiction to enforce, modify, or interpret this Order after the conclusion of the case.

SO ORDERED.

Dated:  February 5 , 2026
New York, New York

_____

Cathy Seibel
United States District Judge


The Clerk shall terminate ECF No. 30.