UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x
SHAYA EFROYMSON,

Plaintiff,

v.

Case No. 25-cv-01013 (CS)

LICENSED BEHAVIORAL ANALYSIS PROFESSIONAL SERVICES, PLLC, and
YOCHEVED ADELMAN a/k/a Yocheved Wasserman,

Defendants.
-----------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

John Troy
41-25 Kissena Boulevard, Suite 110
Flushing, NY 11355
(718) 762-1324
troylaw@troypllc.com
*Attorneys for Defendants LICENSED BEHAVIORAL ANALYSIS SERVICES PLLC and YOCHEVED ADELMAN a/k/a Yocheved Wasserman*

# TABLE OF CONTENTS


INTRODUCTION .......... 1

PROCEDURAL POSTURE .......... 1

LEGAL STANDARD .......... 1

ARGUMENT .......... 2

I. PLAINTIFF'S SEVENTH CLAIM FOR DEFAMATION – LIBEL AND / OR SLANDER PERS SE SHOULD BE DISMISSED FOR FAILING TO STATE A CLAIM .......... 2

II. AMENDMENT IS FUTILE AND SHOULD BE DENIED AND DISMISSAL OF COUNT VII SHOULD BE WITH PREJUDICE .......... 5

CONCLUSION .......... 6

# TABLE OF AUTHORITIES

**Cases**

*Albert v. Loksen*, 239 F.3d 256 (2d Cir. 2001) .......... 2

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 1

*Biro v. Conde Nast*, 963 F. Supp. 2d 255, 278 (S.D.N.Y. 2013), aff'd, 807 F.3d 541 (2d Cir. 2015) .......... 5

*Celle v. Filipino Reporter Enters.*, 209 F.3d 163 (2d Cir. 2000) .......... 2

*Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000) .......... 5

*Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) .......... 6

*Linell v. N.Y.C. Dept. of Educ.*, No. 15-cv-05085 (DBA) (MDG), 2017 WL 880853, 2017 U.S. Dist. LEXIS 30534 (E.D.N.Y. Mar. 3, 2017) .......... 5

*Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) .......... 5

*Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) .......... 5

*Sebasitani v. Brooklyn Hosp. Ctr.*, No. , 2019 U.S. Dist. LEXIS 120872, at *1 (E.D.N.Y. July 19, 2019) .......... 2, 5

*Smith v. Reg'l Plan Ass'n, Inc.*, 10-cv-5857, 2011 WL 4801522, at *1 (S.D.N.Y. Oct. 7, 2011).. 2

*Thai v. Cayre Grp., Ltd.*, 726 F. Supp. 2d 323 (S.D.N.Y. 2010) .......... 2

*Thorsen v. Sons of Nor., Inc.*, 996 F. Supp. 2d 143 (E.D.N.Y. 2014) .......... 2

Defendants LICENSED BEHAVIORAL ANALYSIS SERVICES PLLC and YOCHEVED ADELMAN a/k/a Yocheved Wasserman (together, the "Defendants") file this Memorandum of Law in Support of Defendants' Partial Motion to Dismiss for the following relief: the dismissal of Count VII of the Plaintiff's Second Amended Complaint (Docket Entry No. 48).

## INTRODUCTION

In his Second Amended Complaint, Plaintiff asserts a claim of Defamation or Retaliation by Litigation Conduct in Religious Court or by Negative Employment Reference as Count VII. Count VII should be dismissed from the case insofar as Plaintiff has failed to allege that any Defendant was a party to any of the religious proceedings that Plaintiff alleges were abusive of process or retaliatory, failed to identify any negative job references other than conclusory statements, in such a way that Defendants are deprived of sufficient notice to defend themselves.

## PROCEDURAL POSTURE

On December 13, 2024, Plaintiff filed a Complaint in which he purported to assert a host of wage-and-hour claims against a variety of corporate and individual defendants under the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), in connection with his employment with AW NY. *See* ECF No. 1.

## LEGAL STANDARD

Generally, Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint which fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion, a plaintiff must plead sufficient factual allegations in the complaint to "state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Specifically, a plaintiff must assert factual allegations sufficient to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. And, although a plaintiff gets the benefit of all reasonable inferences on a motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, [will] not suffice." *See Smith v. Reg'l Plan Ass'n, Inc.*, 10-cv-5857, 2011 WL 4801522, at *3 (S.D.N.Y. Oct. 7, 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Put differently, "vague, conclusory pleadings are insufficient to withstand a motion to dismiss a complaint for failure to state a claim upon which relief may be granted." *Saidin v. New York City Dep't of Educ.*, 498 F. Supp. 2d 683, 688 (S.D.N.Y. 2007).

As it applies to Count VII, "'[t]o state a claim for defamation under New York [l]aw, the plaintiff must allege (1) a false statement about the plaintiff; (2) published to a third party without authorization or privilege; (3) through fault amounting to at least negligence on [the] part of the publisher; (4) that either constitutes defamation *per se* or caused "special damages."'" *Sebasitani v. Brooklyn Hosp. Ctr.*, No. , 2019 U.S. Dist. LEXIS 120872, at *10 (E.D.N.Y. July 19, 2019) (quoting *Thorsen v. Sons of Nor., Inc.*, 996 F. Supp. 2d 143, 173 (E.D.N.Y. 2014)). "Special damages involve the loss of something with economic or pecuniary value that flows directly from the reputational injury caused by a defamatory statement,... and they 'must be fully and accurately stated, with sufficient particularity to identify actual losses[.]'" *Id.* (quoting *Thai v. Cayre Grp., Ltd.*, 726 F. Supp. 2d 323, 330 (S.D.N.Y. 2010)) (citing *Celle v. Filipino Reporter Enters.*, 209 F.3d 163, 177 (2d Cir. 2000)). "'As a general rule, a statement that 'tends to injure the plaintiff in his or her trade, business[,] or profession' is defamatory *per se* and does not require proof of special damages to be actionable.'" *Id.* (citing *Thai*, 726 F. Supp. 2d at 331) (quoting *Albert v. Loksen*, 239 F.3d 256, 271 (2d Cir. 2001)).

## ARGUMENT

### I. PLAINTIFF'S SEVENTH CLAIM FOR DEFAMATION – LIBEL AND / OR SLANDER PERS SE SHOULD BE DISMISSED FOR FAILING TO STATE A CLAIM

With respect to the allegations concerning Retaliation by Litigation Conduct in Religious Court, in Plaintiff's Second Amended Complaint, Plaintiff alleges, in relevant part, that "Plaintiff

and Defendant Adelman are both members of the Orthodox Jewish community in the greater New York area. In that community, it is coansidered improper under Jewish religious law (halacha) to commence a lawsuit in secular court against a fellow community member without first obtaining permission from a recognized rabbinical authority-known as "heter arkaos" (hereinafter referred to in this Complaint as'oheter") to proceed in secular court-or without the other party having refused to appear before a rabbinical court (bais din). *See* Second Amended Complaint (hereinafter “Second Am. Complt”) ¶ 29. Plaintiff further alleges that “As part of that campaign, in early February 2026 she caused an individual identifying himself as "Rabbi Gold" to initiate illegitimate bais din proceedings against Plaintiff, including the issuance of hazmanos, an ikkul, and a seruv. These actions were timed and structured to intimidate Plaintiff and disrupt the federal litigation. *See id.* ¶ 33. Plaintiff alleges that “Defendant Adelman, in furtherance of her retaliatory scheme, caused proceedings to be initiated against Plaintiff before a rabbinical court presided over by an individual calling himself "Rabbi Gold," also known as "Rabbi Stewart,, („Gold„). Upon information and belief, Gold is not a legitimately ordained dayan (rabbinical judge) recognized by mainstream Orthodox Jewish communal authorities, and his purported "bais din" lacked the legitimacy and standing of a recognized rabbinical court.” *See id.* ¶ 36. Plaintiff further alleges that “Defendant Adelman, not content with the campaign conducted through Gold’s purported bais din, separately arranged for the initiation of a second rabbinical court proceeding against Plaintiff before the Badatz, a rabbinical court in which Rabbi Kirsch served as a dayan. This second proceeding was not a legitimate religious dispute resolution effort. Rather, it was calculated a litigation disruption lactic,

timed and structured specifically to interfere with Plaintiff’s prosecution of his civil wage claims in this Court.” *See id.* ¶ 45.

Notably Plaintiff has failed to allege that any Defendant, including Defendant Adelman, was a party to any of the matters in "Rabbi Gold's" or "Rabbi Kirsch's" Baisim Din that Plaintiff alleges were abusive of process or retaliatory, or indeed that the matters were adversarial (that is, relative to a dispute between adverse parties) at all. Plaintiff has failed to identify, by name, index number, or otherwise, the matters relative to which the alleged *hazmanoses* (summonses), *seruv* (contempt finding), and *ikkul* (undefined in the Complaint), or the persons to which the alleged documents were published, or when, or their contents beyond a conclusory label.

With respect to the negative and defamatory employment reference allegations, Plaintiff states in conclusive statements the elements of the claim without providing any factual details. More specifically, the entire claim consisted of the following statements:

> During and after the retaliatory campaign described above, Defendant Adelman, or others acting at her direction, provided a false and negative employment reference about Plaintiff to at least one prospective employer or professional contact of plaintiff.
>
> The statements made in this reference included false representations of fact regarding Plaintiff's performance, character, honesty, and/or fitness for employment, made with knowledge of their falsity or with reckless disregard for their truth or falsity.
>
> As a direct result of this false reference, Plaintiff suffered concrete economic harm, including the loss of prospective employment and professional opportunities.
>
> The negative reference was motivated in whole or in part by Plaintiff's filing of his wage-and-hour claims in this action and constituted a further act of retaliation.

Dkt. No. 48 ¶¶ 52–55.

Here, Plaintiff has failed to identify the negative job reference other than by a conclusory label, including by when it was published, to what prospective employer(s), by whom, when, or how the contents were false or defamatory other than in conclusory fashion. By so doing, Plaintifff has deprived Defendants of "'sufficient notice of the communications complained of to

enable [them] to defendant [themselves,]'" which is "[t]he 'central concern' at the pleading stage.'" *Sebasitani*, 2019 U.S. Dist. LEXIS 120872, at *11 (quoting *Linell v. N.Y.C. Dept. of Educ.*, No. 15-cv-05085 (DBA) (MDG), 2017 WL 880853, 2017 U.S. Dist. LEXIS 30534 (E.D.N.Y. Mar. 3, 2017).

## II. AMENDMENT IS FUTILE AND SHOULD BE DENIED AND DISMISSAL OF COUNT VII SHOULD BE WITH PREJUDICE

The Second Circuit has long recognized that a party may not use amendment to "reassert claims previously dismissed" without curing the defects identified by the court. In *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), the court held that dismissal with prejudice is appropriate where "the problem with [the] causes of action is substantive" and "better pleading will not cure it." That is precisely the situation here.

Federal courts routinely dismiss repeated, unchanged counterclaims as a waste of judicial resources. In *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008), the Second Circuit affirmed dismissal with prejudice where the plaintiff "had already been given an opportunity to amend" and failed to cure the defects. The same principle applies here: Defendants were given 30 days to replead, yet they simply recycled the same allegations the Court already found legally insufficient.

The Second Circuit has also held that courts may dismiss repeated claims with prejudice where amendment would be futile. In *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012), the court held that repleading claims "nearly identical" to those previously dismissed is "futile and properly rejected." Likewise, in *Biro v. Conde Nast*, 963 F. Supp. 2d 255, 278 (S.D.N.Y. 2013), aff'd, 807 F.3d 541 (2d Cir. 2015), the court dismissed repeated claims with prejudice because the plaintiff "merely reasserted the same allegations" without addressing the deficiencies identified by the court.

Moreover, courts recognize that repeated re-pleading of defective claims is not merely futile—it is an abuse of the judicial process that causes unnecessary delay and prejudice. In *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011), the court condemned attempts to "relitigate issues already decided" as a misuse of judicial resources warranting dismissal with prejudice. That concern applies with full force here: Plaintiff was on notice of this potential deficiency due to the parties' pre-amendment briefing of this very issue, and conference before the Court regarding same, and failed to remedy it in composing his Second Amended Complaint. Accordingly, further amendment is likely to be futile, and Plaintiff's Seventh Cause of Action should be dismissed with prejudice.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request for the Motion to Dismiss to be granted as to Counts VII in the Plaintiff's Second Amended Complaint.

Dated: Flushing, NY
September 11, 2026

TROY LAW, PLLC

By: */s/ John Troy*

John Troy
41-25 Kissena Boulevard
Suite 110
Flushing, NY 11355
(718) 762-1324
troylaw@troypllc.com
*Attorneys for Defendants*